UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW TORNQUIST,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA, KELLIE WASKO, SECRETARY OF CORRECTIONS; TERESA BITTINGER, WARDEN OF SDSP; AND SD ATTORNEY GENERAL'S OFFICE,<br><br>Respondents. | 4:23-CV-04196-KES<br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is pending before the court pursuant to the *pro se* petition pursuant to 28 U.S.C. § 2254 of Matthew Tornquist, a person incarcerated pursuant to a judgment of a South Dakota state court. See Docket No. 1. The court has screened Mr. Tornquist's petition and finds it must be dismissed. See Rule 4 of the Rules Governing § 2254 Actions.

## FACTS

Mr. Tornquist was convicted in state court of murdering his mother and is currently serving a life sentence for that crime. See Tornquist v. Young, 5:19-cv-05065-KES, Docket Nos. 17 & 18. He filed a habeas petition with this court on September 10, 2019. Id. at Docket No. 1. This court recommended dismissal of all the claims raised by Mr. Tornquist in his petition, a

recommendation that was adopted by the district court on March 23, 2020.  Id. at Docket Nos. 17 & 18.

Mr. Tornquist appealed the district court's dismissal of his first habeas petition to the Eighth Circuit.  Id. at Docket No. 20.  The Eighth Circuit affirmed the district court's decision.  Id. at Docket No. 26.

Mr. Tornquist has on today's date filed a new habeas petition pursuant to § 2254.  Docket No. 1.  In that petition, Mr. Tornquist never asserts that he obtained permission from the Eighth Circuit to file a second or subsequent habeas petition.  Id.  Mr. Tornquist's new petition presents a collateral attack on the same state court conviction that his first petition attacked.  Compare Docket No. 1, with Tornquist, 5:19-cv-05065-KES, Docket No. 1.  The claim he asserts in his second petion is that state prosecutors violated his constitutional rights by conducting his jury trial in Rapid City, South Dakota, instead of in Hot Springs, South Dakota, where the murder was committed.  Docket No. 1.

## DISCUSSION

**A.     This Court Lacks Subject Matter Jurisdiction**

    **1.     The Procedural, Jurisdictional Requirement of § 2244(b)**

The filing of a second or subsequent petition for habeas relief by a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254, is sharply circumscribed:

> (b)  (1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not

presented in a prior application shall be dismissed unless—

> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)  (i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)  (A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.**

See 28 U.S.C. § 2244(b)(1) – (3) (emphasis supplied). If a § 2254 petition qualifies as a "second or successive" petition, the failure of a prisoner to first obtain the order of authorization from the appropriate appellate court deprives the district court of subject matter jurisdiction to hear the petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007).

### 2. Mr. Tornquist's Current Petition is a Second or Successive Petition

Not every numerically second habeas petition is properly termed a "second or successive" petition *if* the predicate for the petition arose *after* the filing of the original petition. Slack v. McDaniel, 529 U.S. 473, 486 (2000). But here, the factual predicate for Mr. Tornquist's current habeas petition arose *before* he filed his 2019 petition with this court. He alleges the state violated

his constitutional rights because the crime he was charged with was potentially punishable by death, and, he argues, trials for such crimes must be held in the locality where the murder was committed. Here, that would be Hot Springs Mr. Tornquist alleges. Clearly, the factual predicate for his current claim—the location where his trial was held—was a factual predicate that arose *before* he filed his 2019 federal habeas petition. Furthermore, it was a fact known to Mr. Tornquist at the time of his state court trial. Hence, the court concludes that Mr. Tornquist's current § 2254 petition is quite clearly a second or successive application.

### 3. Mr. Tornquist's Failure to Obtain the Eighth Circuit's Permission Deprives This Court of Subject Matter Jurisdiction

Mr. Tornquist does not rely on a new rule of constitutional law made retroactive to cases on collateral review. He does not allege that his claim is based on newly discovered evidence: Mr. Tornquist was present during his state court trial, so he clearly knew at the time of his trial that his trial was taking place in Rapid City, not in Hot Springs. Finally, even if Mr. Tornquist were stating a claim that fit within one of these categories, § 2244 is very clear that he may only file this second § 2254 petition after having received permission to do so from the Eighth Circuit. See 28 U.S.C. § 2244(b)(3). Mr. Tornquist has not obtained the Eighth Circuit's permission to file a second habeas petition. See Docket No. 1. Until he satisfies the requirement of obtaining the Eighth Circuit's permission, this court lacks jurisdiction to entertain his present habeas petition. Burton, 549 U.S. at 157. Accordingly, this court concludes his present petition must be dismissed.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends dismissing Mr. Tornquist's § 2254 habeas petition [Docket No. 1] for lack of subject matter jurisdiction. The court also recommends denying Mr. Tornquist's motions for acquittal, to compel, to dismiss, to review transcripts, and for a mistrial [Docket Nos. 2-6].

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 21st day of November, 2023.

BY THE COURT:

*[signature]*

VERONICA L. DUFFY
United States Magistrate Judge